# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| **HEATHER TISCHER,** <br> 19613 Foxcroft Circle <br> Hagerstown, Maryland 21742 <br><br> *Plaintiff,* <br><br> v. <br><br> **MIDLAND CREDIT MANAGEMENT, INC.** <br> 500 West First <br> Hutchinson, Kansas 67501 <br><br> Serve on: <br><br> CSC-Lawyers Incorporating Service Company <br> 7 St. Paul Street, Suite 820 <br> Baltimore, Maryland 21202 <br><br> *Defendant.* | <br><br><br><br><br><br> Civil Action: 8:16-cv-847 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Plaintiff Heather Tischer, through her undersigned counsel and for her Complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct., 740, 745, 181, L.Ed.

2d 881 (2012).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 47 U.S.C. § 227.

4. Venue is proper in this District because the conduct complained of occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Heather Tischer ("Plaintiff") is a natural person who resides in the City of Hagerstown, Maryland.

6. Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F. 3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

7. Midland Credit Management, Inc. ("Midland") is a foreign corporation conducting business in the state of Maryland.

## FACTUAL ALLEGATIONS

8. Within four years of filing this Complaint, Midland repeatedly contacted Plaintiff on her cellular phone at (240) 291-8380.

9. At all times relevant to this Complaint, Midland used, controlled, and operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

10. At all times relevant to this Complaint, Midland used, controlled and utilized "artificial or prerecorded voice messages" as defined by the TCPA, 47 U.S.C. § 227(a)(1).

11. Midland Credit Management, Inc. ("Midland") initiated these calls using an automatic telephone dialing system.

12. Upon information and belief, these calls to Plaintiff came from a variety of numbers, including local numbers and "800" numbers.

13. Within these calls to Plaintiff, Midland utilized pre-recorded messages.

14. Plaintiff will testify that upon answering several of these calls, she would hear a prerecorded message and was not immediately connected to a live person.

15. These prerecorded messages identified Midland as the caller.

16. Midland did not have Plaintiff's prior express consent to call her cellular telephone number.

17. Plaintiff repeatedly informed representatives of Midland, including multiple supervisors, that she wanted the calls to her cellular phone to stop.

18. Midland should have discontinued future calls after being informed by Plaintiff that she desired the calls to stop.

19. Instead, Midland continued to call Plaintiff almost daily notwithstanding her requests that the calls cease.

20. Midland's repeated autodialed calls to Plaintiff's cell phone were unlawful communications in violation of the TCPA.

21. Furthermore, Midland's failure to cease contacting Plaintiff after being requested to do so constituted a willful violation of the TCPA, entitling Plaintiff to treble damages.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, *et seq.*

22. Plaintiff incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

23. In an effort to collect payment on the subject debt Prestige used an automatic telephone dialing system to contact the Claimant on her cellphone.

24. Defendant continued to use an automatic telephone dialing system to contact the Plaintiff on her cellphone after Plaintiff expressly revoked her consent to contact her on her cellphone.

25. Under the TCPA, a person may recover $500 in damages per each violation or actual monetary loss, whichever is greater, and provides for treble damages for willful or knowing violations. 47 U.S.C. § 227(b)(3).

26. A willful or knowing violation under the TCPA does not require bad faith, but only that the person have reason to know, or should have known, that his conduct would violated the statute." *Maryland Universal Elections, Inc.*, 862 F. Supp. 2d 457, 463 (D. Md. 2012).

WHEREFORE, Plaintiff, Heather Tischer, respectfully prays for a judgment against Defendant as follows:

a. For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Midland and for Plaintiff;

b. For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Midland and for Plaintiff; and

    c.    For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: March 22, 2016                     Respectfully Submitted,

                                                    */s/E. David Hoskins*
                                                    E. David Hoskins, Esq., Bar No. 06705
                                                    THE LAW OFFICES OF E. DAVID HOSKINS, LLC
                                                    16 East Lombard Street, Suite 400
                                                    Baltimore, Maryland 21202
                                                    (410) 662-6500 (Tel.)
                                                    davidhoskins@hoskinslaw.com


                                                    */s/ Steven B. Isbister*
                                                    Steven B. Isbister, Esq., No. 14123
                                                    THE LAW OFFICES OF E. DAVID HOSKINS, LLC
                                                    16 East Lombard Street, Suite 400
                                                    Baltimore, Maryland 21202
                                                    (410) 662-6500 (Tel.)
                                                    stevenisbister@hoskinslaw.com